Anjum ISHAQ, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70991.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 16, 2005.

Anjum Ishaq, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM ***

Anjum Ishaq, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review credibility findings under the "substantial evidence" standard. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Ishaq's failure to include significant, material information in his asylum application and his inconsistent testimony regarding his first arrest. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir. 2003). Ishaq has not shown that the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Because Ishaq did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS,* 111 F.3d 720, 724 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos,* 332 F.3d at 1255.

Because Ishaq failed to credibly demonstrate that it was more likely than not that he would be tortured if he returned to Pakistan, the IJ properly denied his CAT claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Finally, Ishaq's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003). The panel need not consider separately whether the BIA erred by streamlining petitioner's case because substantial evidence supports the IJ's denial of petitioner's application for relief. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

